## FRANCES BUTLER

### v.

## S. P. WALKER.

1. CONSTITUTIONAL LAW—*power of the legislature to amend charter of corporation.* Where a special charter of an insurance company contains a provision that it may be altered, amended or repealed at any time, there can be no doubt of the power of the legislature to so amend such charter in such manner as it may see proper, in reference to the rights, duties and liabilities of the company and its stockholders.

2. INSURANCE COMPANIES—*liability of stockholders.* The stockholders in all insurance companies subject to the General Insurance Law of 1869, are liable for the debts of their company to the full amount of their respective shares of stock, where the full amount subscribed has not been paid in.

3. A stockholder is not relieved from this liability by payment of the sum subscribed by him. Until the full capital stock is paid in, and a certificate of the fact made and recorded, he is liable to be sued for the debts of the company to the amount of his stock.

4. SAME—*effect of law of 1869 on special charters.* The 19th section of the General Insurance Law of 1869 is broad and comprehensive, and brings all insurance companies organized before and doing business in this State at the time of its passage, under all its provisions as fully as if it had enumerated them by name, and its effect is to amend such charters so as to make them conform to its provisions.

5. PRACTICE IN SUPREME COURT—*cause for opening judgment.* The fact that there are a large number of other cases pending in the court below involving the same questions decided by this court in a particular case, is no ground for opening the judgment therein. Such decision is no impediment to the trial of the other cases. When they are tried they may be brought to this court, and then the propriety of the former decision may be examined.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. SHUFELDT, BALL & WESTOVEN, for the appellant.

Mr. D. E. K. STEWART, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

Appellant brought an action in the court below against appellee, to recover the amount of loss she claims to have sustained from fire, under a policy of insurance. To the declaration a demurrer was filed, which was sustained by the court, and a judgment was rendered in bar of the action.

The General Assembly, by a special charter, on the 20th day of February, 1861, incorporated The Equitable Insurance Company. The charter confers the powers usual to such organizations. The 14th section of the charter contains this provision: "In case of any loss or losses whereby the capital stock of said company becomes lessened before all the installments are paid in, each proprietor or stockholder shall be held accountable for the installments that may remain unpaid on his share or shares at the time of such loss or losses taking place: *Provided*, that the stockholders shall not be individually liable beyond the amount of stock held by them respectively."

The 16th section declares that the act shall take immediate effect, and continue in force for fifty years, but contains this reservation: "But may at any time be altered, amended or repealed by the legislature of the State of Illinois."

The company organized, its capital stock being duly subscribed and a portion thereof paid by the stockholders. No change was made in the charter, unless by the general act for incorporating and regulating insurance companies, which was adopted on the 11th day of March, 1869. The 16th section of this act provides that, "the trustees and corporators of any company organized under this act shall be severally liable for all debts or responsibilities of such company to the amount by him or them subscribed, until the whole amount of the capital of such company shall have been paid in, and a certificate thereof recorded as hereinbefore provided." In this case the whole amount of stock was not paid in and a certificate thereof recorded.

The 19th section provides that, "All insurance companies heretofore organized in the State of Illinois, and now doing business in this State, are hereby brought under all the provisions of this act, except that their capital may continue of the amounts and character named in and authorized by their respective charters, during the existing term of such charters, and the investments of the capital and assets of such companies may remain the same as prescribed by their charters, anything in this act to the contrary notwithstanding; and such companies shall be entitled to all of the privileges and powers granted them by their charters." (Sess. Laws 1869, p. 217.) These are believed to be all the enactments which bear on the questions presented by this record.

About one and a half years after the adoption of this act, the insurance company issued to appellant a policy of insurance on her property, to the amount of $2500, and whilst the policy was in force, the property was destroyed by the fire in Chicago of the 9th of October, 1871. By reason of heavy losses, the company was prosecuted to bankruptcy. Appellant gave proper notice of her loss, proved her claim, but received nothing from the bankrupt estate. Appellee was a stockholder when the policy was issued, at the time of the fire, and until the company was declared a bankrupt, and owned $2500 of the stock of the company. To render him liable as a stockholder to the extent of her loss under the policy, she brought this suit. The declaration discloses the facts we have stated, and to it a demurrer was interposed and sustained by the court, and a judgment in bar of the action, and for costs, was rendered. The case is brought to this court, and the judgment sustaining the demurrer is assigned for error.

It is agreed that but two questions arise on this record: 1st. Had the General Assembly the power, under the reservation in the charter, to alter, amend or repeal their charter, or power to impose duties and liabilities not imposed, but from which they were exempted by the charter? 2d. And if there was such power, did the General Assembly exercise it in enacting the General Insurance Law?

Had the General Assembly the power to impose this liability upon the stockholders? We think they unquestionably had, by virtue of the reservation of the power to alter, amend or repeal the charter.

The question as to whether the General Assembly may alter or amend a charter which does not contain such a reservation of power, is not presented by this record, as the reservation is clear, distinct and unambiguous, and was assented to when the charter was accepted and the company organized. Hence that question need not now be discussed.

But in a case like the present, when the General Assembly, in express terms, reserves the right to alter, amend or repeal, that enters into and forms a part of the contract precisely as does any other provision of the charter. Any reasonable construction which can be placed on this reservation must hold that the company entrusted the General Assembly with any and all powers in reference to the rights, duties and liability of the body and its members, which they might see proper to impose. They, in receiving such a charter, trusted to the wisdom and justice of the General Assembly in their future action. The reservation is explicit, and is ample in its terms, and we are at a loss to see how it can be questioned. If so plain a proposition required the citation of authorities to sustain it, many adjudged cases could be referred to, directly in point.

The authorities referred to by appellee do not apply to this question. They are decisions growing out of amendments to charters, imposing duties or restrictions on such bodies when the power was not reserved by the constitution or in the charter itself, or where such a power was reserved, and the body had, under their charter, paid for property or privileges to others, of which the General Assembly subsequently attempted to deprive them by enactment. But we have not, in our researches, found any case which holds that, when such power has been reserved, it may not be exercised constitutionally. Neither the fundamental law nor public policy forbids the General Assembly and a corporation from making a contract

that the former may alter, amend or repeal their charter at pleasure, or from its exercise, as was done in this case.

The 19th section of the General Insurance Act is broad and comprehensive. It brings all insurance companies, in plain and unmistakable terms, under all of the provisions of the act, with the enumerated exceptions; and the liabilities imposed by the 16th section constitute one of the provisions of the act; and the General Assembly having reserved the power, without any limit, to alter, amend or repeal the original charter of the company, they, it seems to us, intended to impose these liabilities on the shareholders of The Equitable Insurance Company. It was a company theretofore organized in this State, and was then doing business in the State, and was manifestly brought under these and all other provisions of that law as fully as had the act, in terms, named this company.

When such a charter is obtained, the stock subscribed and the company organized, it procures business, and individuals receive policies on the faith that the entire stock so subscribed has been or will be paid in, and held as a fund to meet all losses. It is this assurance that gives such a company credit in the community. And the General Insurance Law is designed to secure the policyholders against loss from the insolvency of such companies. There should be paid in the full amount of the capital subscribed, and if not, then the law holds the several stockholders liable, to the amount of their subscriptions, for the debts of the company. It is therefore made the interest of each shareholder to see that the entire capital is paid in, and a certificate of the fact made and recorded, as required by the law, and a failure to have that done renders the several stockholders liable for the debts of the company to an amount equal to the stock he holds. Nor is the requirement of the law answered by a portion of the shareholders paying the full amount subscribed by them. They remain liable until the stock is all paid in and the certificate of the fact is made and recorded. Hence it is a matter of no importance, in considering this question, whether appellee has paid in full for all of the stock for which he subscribed. All

the stock had not been paid in full, a certificate of the fact had not been made and recorded, and hence appellee was liable for the amount of appellant's claim for the loss under her policy.

It then follows that, as the charter was amended by the General Insurance Law, and as its requirements were not observed, and the loss sustained by appellant became a debt against the company, appellee's liability became fixed, to the amount of his stock therein, and the claim of appellant not exceeding that amount, the declaration disclosed a right to recover.

The court below erred in sustaining the demurrer, and the judgment must be reversed and the cause remanded.

*Judgment reversed.*

A petition for a rehearing and to re-open the judgment in this case having been filed, the following additional opinion was filed:

Per CURIAM:   We have considered the petition filed in this cause to re-open the same, and the affidavits in support thereof. We are informed by the petition that other cases involving a large amount are pending in the courts, depending on the same questions as are found in the above entitled cause.   We are of opinion there is no impediment to the trial of those causes, or any one or more of them, by the court in which they are pending, the decision of which can be brought to this court in the usual manner, for revision, when the grounds of the decision in the above cause can be re-examined by this court.

The petition to re-open the cause is not according to the practice of the court, and we must deny the same.

The order staying proceedings is vacated and set aside.