142 TIBBALLS *et al. v.* LIBBY. [Sept. T.

Opinion of the Court.

CHARLES M. TIBBALLS *et al.*

*v.*

WASHINGTON LIBBY.

1. CORPORATION—*liability of stockholder for corporate debt.* A stockholder of an insurance company, subject to the general law of 1869, is liable for the debts of the company to the full amount of his stock, and he is not relieved of this liability by payment for his stock in full. Until the full capital stock is paid in, and a certificate of the fact made and recorded, he is liable to be sued for the debts of the company to the amount of his stock.

2. SAME—*when under general law.* If an insurance company, created by a special charter, increases its capital stock under the general law, this, in effect, is an incorporation under such law, and, by subscribing to such stock, the party will incur the liability imposed by the general law.

3. SAME—*stockholder's liability not affected by bankruptcy of the company.* The right of a creditor of a corporation to recover against a stockholder is not taken away by the bankruptcy of the corporation. That fact fixes his liability.

4. FORMER DECISION. The case of *Butler* v. *Walker*, 80 Ill. 345, as to liability of stockholder of corporation under the law of 1869, is followed, and the opinion in that case adhered to.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. JOHN BORDEN, for the appellants.

Messrs. MONROE, BISBEE & BALL, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of trespass on the case upon promises, brought to the Superior Court of Cook county, by Charles M. Tibballs and William H. Whitehead, as surviving partners of David Shirk, deceased, plaintiffs, and against Washington Libby, defendant, the declaration in three counts, charging, in the first count, that the Great Western Insurance Company of Chicago was, on January 17, 1873, a corporation organized and doing business under the general insurance law, entitled "An act to incorporate and govern fire, marine and inland

navigation insurance companies doing business in the State of Illinois," approved March 11, 1869; that this company was indebted to the plaintiffs in the sum of five thousand dollars; that, on that day, the company accounted with the plaintiffs, and found to be in arrear and indebted to plaintiffs in that sum, and that defendant was then, and still is, a trustee and corporator of that company, and therefore liable to plaintiffs to the amount by him subscribed to and for the capital stock of the company; and they aver that defendant subscribed to that capital stock the sum of ten thousand dollars, and they further aver that the whole amount of the capital of that company had not been paid in, and a certificate thereof recorded as required by the act, and, being so liable, he promised to pay, etc.

The second count alleges a reorganization of the company on August 23, 1870, under the General Insurance law, and its capital increased, and did business as such reorganized corporation, and on January 17, 1872, the company was indebted to plaintiffs in the sum of five thousand dollars; alleges that defendant is one of the trustees and corporators of the company; that he was a subscriber for the stock to the amount of ten thousand dollars; that no certificate was filed, etc.

The third count charges that this company, on July 28, 1871, made its certain policy of insurance to the plaintiffs, by which, for the consideration of fifty dollars, it insured the plaintiffs to the amount of five thousand dollars against loss, etc., to the stock, etc., the property of plaintiffs, situate in a building on Lake street and No. 9 Market street, in Chicago, for six months; the conditions of the policy are set out; the total destruction of the property by the fire of October 9, 1871, to their loss of twelve thousand dollars; proofs of loss, and their acceptance by the company, and an accounting with the company on January 17, 1872, and the company found indebted to the plaintiffs in the sum of five thousand dollars. It is then averred that, at this time, the defendant was a trustee, a corporator, a stockholder and a director in the com-

pany, he having subscribed for ten thousand dollars of the stock of the same, wherefore he became liable, etc.

The general issue was pleaded and submitted to the court for trial. The court found against the plaintiffs, and rendered judgment against them for the costs, to reverse which they appeal.

We have stated fully the plaintiffs' case as they made it to appear by their declaration, and we can not perceive any material difference between it and the case of *Butler* v. *Walker*, 80 Ill. 345. It was there held, that the stockholders of an insurance company subject to the general law of 1869, are liable for the debts of their company to the full amount of their respective shares of stock, when the full amount subscribed has not been paid in, and he is not relieved of this liability by payment of the stock subscribed by him. Until the full capital stock is paid in, and a certificate of the fact made and recorded, he is liable to be sued for the debts of the company to the amount of his stock.

Although this company had a special charter, yet, by increasing its capital stock to five million dollars, under the general law, it was, in effect, an incorporation under the general law, and subscribers to the stock incurred the liabilities imposed by that law. We think the proof shows that Libby was a director of this corporation, and, as one of the stockholders, gave his written assent, and expressed in writing his desire, that the capital stock should be increased to five millions of dollars, and, as a director of the company, made his deposition that he, with others, composed a majority of the directors of the company, and that the company has a capital stock of five million dollars, divided into fifty thousand shares, of one hundred dollars each; that one million twelve thousand dollars were actually subscribed, and one hundred and eighty-six thousand three hundred and thirty-five dollars and ninety-seven cents paid in, in cash, by the several stockholders, towards the payment of the shares respectively subscribed, and for no other purpose.

In addition to this, it appears the name of defendant is found in the report required by law to be made by the president and secretary of the company, to the Auditor of Public Accounts, filed in his office August 23, 1870, as a subscriber for fifty shares of the stock, of the value of five thousand dollars, at which time defendant was a director of the company. The record is replete with evidence that defendant was a stockholder to the amount of five thousand dollars.

The defendant denies he was ever a subscriber to the stock, or a director of the corporation. We think this denial comes rather too late, when his name appears in both capacities in all the reports of the company which the law required it to make to the public. It is barely possible that these things could be, and he not a director and stockholder. In the report to the Auditor, of August 23, 1870, the same is signed by defendant as one of the directors of the company, and the notary public certifies that each of the " subscribers thereto," of whom defendant was one, swore to and subscribed the same.

The claim of plaintiffs against the insurance company was fully established, and they were, in the strictest sense, creditors of the company, and the liability of defendant as a stockholder is fixed.

We take no note of the bankruptcy proceedings, as they can not affect plaintiffs' rights. Their right to recover against a stockholder is not taken away by the bankruptcy of the corporation in which he was a stockholder. That fact fixes the liability of the stockholder.

This opinion has been delayed by reason of an intimation, or suggestion, from distinguished members of the bar, that the case of *Butler* v. *Walker, supra,* was not satisfactory to the profession, and that other cases of like nature would be presented, in order that it might be reviewed and reversed. No case of that kind having occurred, we are disposed to adhere to that opinion, and make this in conformity therewith.

The judgment of the Superior Court is reversed, and the cause remanded for a new trial in conformity to this opinion.

*Judgment reversed.*