SAMUEL ARENZ

*v.*

JOHN H. WEIR.

1. DEMURRER—*admits all facts well pleaded.* A demurrer to a declaration admits all the facts well pleaded to be true, but not the inferences from them.

2. INSURANCE COMPANY—*liability of stockholder for debts of company.* The provision of the general law of 1869, making the trustees and corporators of any and all insurance companies individually liable for all debts or responsibilities of their company to the amount of stock by him or them subscribed, until the whole amount of the capital stock of such company is paid in, and a certificate thereof recorded, applies to insurance companies organized before its passage under special charters.

3. SAME—*liability of stockholders not released by the appointment of a receiver.* The passing of an insurance company into the hands of a receiver in no degree diminishes the individual liability of its stockholders for the debts of the company. The stockholder is not under the control or in the power of the receiver,

89    25
24a 542

89    25
124   621

89    25
36a  271

89    25
178   30?

89    25
179   232

89      25
98a  ¹648

89      25
207   ²360

but holds a fund, so to speak. out of which the creditors of the company may be paid; and the very fact that the corporation has gone into bankruptcy, or, into the hands of a receiver, fixes the liability of a stockholder to a creditor.

WRIT OF ERROR to the Circuit Court of Madison county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Mr. LEVI DAVIS, for the plaintiff in error.

Messrs. METCALF & BRADSHAW, for the defendant in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This case is, in its prominent and important features, like the case of *Butler* v. *Walker*, 80 Ill. 345, with this exception, there were no issues of fact in this case, there having been a general demurrer to the declaration, which admitted all the facts well pleaded. It admits that the Lamar Insurance Company was duly incorporated by the General Assembly of this State, and afterwards, another act was passed conferring upon this incorporation greater rights and privileges, all which powers the corporation exercised, had their office at Chicago, and issued policies of insurance on property; that the company, for a valuable consideration, paid by plaintiff, issued and delivered to him a policy of insurance on his property, to the amount of two thousand dollars, on his building on Kinzie street, in Chicago, and his stock of hardware in that building, agreeing thereby to make good to the plaintiff all loss or damage, not exceeding two thousand dollars, as should happen by fire, from March 11, 1871, to March 11, 1872; that the property was destroyed by the fire of October 9, 1871; that proofs were made to the satisfaction of the company; that the company, immediately after the fire, was insolvent, and unable to pay its creditors, and was, on November 22, 1872, placed in the hands of a receiver, by order of the Superior Court of Cook county; that plaintiff, on October 3, 1872, commenced his action on this policy in the Superior Court of Cook county, and on December 17, 1872, recovered a judgment against the company for two thou-

sand one hundred and ten dollars; that he proved up his claim in the proceedings wherein the receiver was appointed, and the receiver paid him fifty-two per cent of his claim; that there is due and unpaid of his judgment, with interest, ten hundred and fifteen dollars; that the capital stock of this company was five million dollars; that the whole amount thereof has never been paid in, and no certificate thereof given or recorded, as the statute requires; that defendant, at all these times, was a cor-- porator and stockholder in the company, and had subscribed for and owned fifty shares of the capital stock, at the price of one hundred dollars for each share, amounting to the sum of five thousand dollars, whereby defendant has become liable, etc.

All these facts, but not the inference from them, are admitted to be true by the defendant, and we can not see wherein the case differs from the case cited *supra.*

Section 25, of the act of 1865, incorporating this company, provides that "no stockholder of the corporation hereby created shall be liable, in his individual capacity, for any debt or liability of said company beyond the amount of stock held by him."

Some criticism is indulged in by this mode of expression, but it is quite intelligible, as a legislative declaration that every stockholder shall be liable to the extent of the stock held by him, for any debt or liability of the company. And this legislation was but the carrying into effect the provision of the constitution of 1848, to the effect, that dues from corporations not possessing banking powers or privileges, shall be secured by such individual liabilities of the corporators, or other means as may be prescribed by law. Art. 10.

In 1869 it was prescribed, by law, how dues from insurance companies should be secured by the individual liability of the corporators, by this section of the general law:

Sec. 16. The trustees and corporators of any company organized under this act, shall be severally liable for all debts or responsibilities of such company to the amount by him or

them subscribed, until the whole amount of the capital stock of such company shall have been paid in, and a certificate thereof recorded as hereinbefore provided.

Section 19, of the same act, provides that all insurance companies heretofore organized in this State, and doing business in this State, are brought under the provisions of this law, except that their capital may continue, as authorized by their charters. Sess. Laws 1869, p. 216, 217.

At the same session of the General Assembly, an act was passed to amend the charter of this company, which the corporation accepted, which act contains this provision: "Nothing in this act shall be construed so as to exempt this company from the operation of any general law that shall hereafter be passed upon the subject of insurance." Private Laws 1869, p. 601. These laws became the fundamental law of this association.

This insurance company having passed to a receiver, diminishes, in no degree, the liability of a stockholder to a creditor of the company. The creditor stands on an independent platform above that of the receiver, having no concern with the corporation, and the stockholder is bound, under the law, to answer to him. The stockholder is not under the control or in the power of the receiver, but holds a fund, so to speak, out of which the creditors of the company may be paid. It was to provide for just such cases as this and kindred cases, that the clause quoted was engrafted upon the constitution. The very fact the corporation has gone into bankruptcy or into the hands of a receiver, fixes the liability of a stockholder to a creditor of the corporation.

We see nothing in the way of a recovery by the plaintiff. He has a good cause of action, stated in proper form and with legal precision, and the demurrer should have been overruled. Sustaining the demurrer was error, and for the error the judgment must be reversed, and the cause remanded for further proceedings consistent with this opinion.

*Judgment reversed.*