# HENRY A. BROMLEY

## *v.*

## JAMES GOODWIN.

*Filed at Ottawa May 18, 1880.*

1. INSTRUCTIONS—*by the court—exceptions.* The court has the clear right to prepare and give instructions to the jury in lieu of those asked by a party, and if those so given do not contain the substance of those asked by the party he must except to the ruling of the court if he desires to assign the same for error.

2. STOCKHOLDERS *of corporation—extent of liability for debts of corporation.* While it may be true that whenever money is deposited in an incorporated bank, the relation of debtor and creditor is created between the bank and the depositer, that does not necessarily create a personal liability as against a stockholder of the bank. The liability of the stockholder is a creature of the statute, and can not be increased or enlarged beyond the express terms of the statute.

3. SAME—*as to extent of liability of stockholders in Marine Company of Chicago.* The charter of the Marine Company of Chicago provides: "The stockholders in this corporation shall, as to all funds deposited *as savings, and in trust with said corporation*, while they are stockholders, be individually liable to the extent of their stock," etc. It was *held,* this restricts the liability of the stockholders to the particular class of deposits designated—those "as savings, and in trust with said corporation," and does not embrace every deposit of money that might be made in the bank.

4. ERROR—*will not always reverse.* The giving of an instruction that has no bearing on the case, which could not have misled the jury, and the exclusion of proper evidence of a fact already proved and not controverted, afford no ground of reversal, such rulings working no harm.

APPEAL from the Circuit Court of Cook county; the Hon. WILLIAM K. MCALLISTER, Judge, presiding.

Messrs. GRANT & SWIFT, for the appellant.

Messrs. WEBER & INGHAM, and Mr. GEO. A. H. BAKER, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of assumpsit, brought by Henry A. Bromley, in the circuit court of Cook county, against James Goodwin, as a stockholder in the Marine Company of Chicago, to recover a balance due on a certificate of deposit issued by the company to the plaintiff on the 4th day of January, 1873, which was in the following words:

No. 1203.                STATE OF ILLINOIS,
              THE MARINE COMPANY OF CHICAGO.
                         *Chicago, January* 4, 1873.

Henry A. Bromley, Esq., has deposited in this office twenty-seven thousand dollars, treasury notes, payable in like funds to his order, with interest at ten per cent per annum, from date hereof, on return of this certificate.

Registered: E. C. LONG.

                         J. YOUNG SCAMMON, *President.*
$27,000.                 DWIGHT KLINCK, *Asst. Secretary.*

On a trial of the cause in the circuit court the jury returned a verdict in favor of the defendant. The court overruled a motion for a new trial and rendered judgment on the verdict, and the plaintiff appealed. The action was brought under sec. 10 of the amendment to the charter of the Marine Company of Chicago, approved February 21, 1861.

Sections 2 and 10 are as follows: Section 2 provides, " the president, secretary or treasurer of said company shall, when required by any person making a deposit in the savings department of said company, issue certificates of deposit for the same, and all such sums of money as shall be deposited in the

savings department of said company shall be held in trust for said depositors, and shall not be mingled with the general funds of said company, but shall be kept, used and invested by said company as a distinct fund, the principal thereof belonging in equity to such depositors respectively, and not to said company, so that in no event shall such fund be jeopardized by the other transactions of business of said company, but said company shall not, under any pretence whatever, issue a certificate of deposit for any sum not actually deposited in said company."

Section 10 provides that "The stockholders in this corporation shall, as to all funds deposited as savings, and in trust with said corporation, while they are stockholders, be individually liable to the extent of their stock, and shall so continue for six months after transfer of the same, notwithstanding such transfer."

It was contended on the trial, by the plaintiff, that the deposit was made in the savings department of the Marine Company, while the defendant insisted that the money was loaned to the officers of the institution by the plaintiff in order to get ten per cent interest, and the deposit was not made with the corporation as savings and in trust. On this question of fact much evidence was introduced, and it is now urged by the plaintiff that the verdict of the jury was against the decided weight of the evidence. It is true there was evidence introduced tending to prove that the deposit was made as savings and in trust with the corporation, but the jury found against that theory, and we are satisfied the verdict was warranted by the evidence. Mr. Adams, a witness for the defendant, testified : " At the time Mr. Bromley made this loan I was in his office immediately after he made it, and he said he had made this loan to Mr. Scammon, and he asked my opinion of the responsibility of Mr. Scammon, and I told him that I considered Mr. Scammon was reputed to be one of the wealthiest men in the city, and considered the loan as first class. He said he had other securities besides

Mr. Scammon's notes; that he had a mortgage on property in Hyde Park, and he had a certificate of deposit in the bank."

This testimony of Mr. Adams was corroborated by the fact that Scammon and wife executed and delivered to plaintiff a mortgage on real estate in Chicago to secure the payment of the money deposited, which recites in express language that the money was loaned. The recitation in the mortgage was as follows:

"Whereas, The said J. Young Scammon is, together with Eugene C. Long, justly indebted unto the said party of the second part (meaning mortgagee), in the sum of $27,000, lawful money of the United States, an actual loan of money, this day made by said party of the second part to said Eugene C. Long and J. Young Scammon, at Chicago, secured, to be paid by the certain promissory note, in writing, of the said Eugene C. Long and J. Young Scammon, bearing even date herewith, for the payment in one year after the date thereof, to the order of said party of the second part, of the principal sum of $27,000, with interest for the same at the rate of ten per centum per annum, payable quarter yearly, the said payments, both of principal and interest, to be made at the Bank of the Marine Company of Chicago, in Chicago, as by reference to said note will more fully appear."

If the transaction was a mere deposit of the money in the savings department of the corporation, it seems strange that a mortgage was given and the mortgage should contain the extraordinary statement that the money had been actually loaned. Again, it was the custom of the bank, when money was deposited in the savings department, to indicate that fact by writing the word "savings" across the face of the certificate and make an entry in a record book of the transaction, and mark it "savings" in the book. Now, while this transaction was noted in the book, it is a singular fact, if plaintiff's position be the correct one, that it was not recorded as "savings," nor was that word written across the face of the certificate of deposit, as was the usual custom of the bank

when money was deposited in the savings department. We do not, however, deem it necessary to refer to the evidence in detail. We have referred to a portion of the testimony for the purpose of showing that the verdict of the jury was warranted by the evidence, and when that is the case, as has often been decided, we can not interfere with the verdict, although there may have been evidence introduced which would have justified a different finding.

It is next urged that the court erred in refusing plaintiff's instructions. It appears, from the bill of exceptions, that the court neither refused nor gave the instructions prepared by the plaintiff, but the court, on its own motion, prepared and gave instructions to the jury in lieu of those asked by the plaintiff. The court had the clear right to prepare and give instructions to the jury in lieu of those asked by the plaintiff, and if the instructions given did not contain the substance of those asked by plaintiff, if he desired to question the action of the court he was bound at the time to except to the ruling of the court.

This was not, however, done; but, on the other hand, plaintiff made no objection to the action of the court and took no exception to the rulings or instructions. The objection now made comes too late.

The fifth instruction given for defendant is claimed to be erroneous. It is as follows: "The jury are instructed that it must be made to appear before you, by a preponderance of evidence, that Mr. Bromley not only deposited this money as savings, but also in trust with said corporation."

We fail to see how this instruction could mislead the jury. It is in the language of sec. 10 of the charter, and only requires the jury to find from the evidence that the money was deposited as savings and in trust, before a recovery could be had under the charter. Unless it was so deposited the stockholder could not be held individually liable.

Exception was also taken to the first, second and sixth instructions, which, in substance, directed the jury that unless

they believed from the evidence that the money alleged to have been deposited in the Marine company was deposited as savings, and not as a commercial deposit or as a loan, the verdict should be for the defendant. The liability of the stockholder was one created by statute, and it could not be increased or enlarged beyond the express terms of the statute. What, then, is the liability? It does not embrace any and every deposit of money that might be made in the bank, but the liability of the stockholder, under sec. 10, is confined to deposits as savings and in trust with the corporation. While it may be true as argued, that whenever money may be deposited in the bank the relation of debtor and creditor is created between the bank and the depositor, that does not create a personal liability as against the stockholder.

The instructions, in our judgment, announced correct propositions of law, and the court did not err in giving them to the jury.

In regard to the third instruction given for defendant, it is conceded that it had no bearing on any issue before the jury, and if such was the case it will not be necessary to inquire whether it contained a correct proposition or not, as it could not mislead the jury, and hence did appellant no harm.

The plaintiff, on the trial, introduced in evidence a bill in chancery in the case of *Daws et al.* v. *The Marine Company of Chicago*, which had been filed in the circuit court of Cook county. This bill was put in evidence for the purpose of proving that appellee was a stockholder. This evidence, on motion of the defendant, the court ruled out, and this decision is relied upon as error.

Conceding that the evidence was competent and that the court technically erred in ruling it out, still we can not, on that ground, reverse the judgment. The other evidence before the jury was ample to prove defendant a stockholder in the company. Indeed, this was not the controverted question in the case, and although the court may have erred in this regard the error did appellant no harm. The controverted

question of fact before the jury was whether the money was deposited as savings and in trust in the corporation, and this question the jury found against the plaintiff, and, as we think, rightfully when the whole evidence is considered.

The judgment will be affirmed.

*Judgment affirmed.*