SOPHIA MEISSER

V.

AMOS THOMPSON.

I. BANKS—LIABILITY OF STOCKHOLDER AT LAW.—By the charter of the People's Bank of Belleville, the stockholders were made individually liable to depositors for default of the corporation in making payment of any debt. This was a purely legal liability and the remedy against a stockholder is at law and not in equity.

2. INDIVIDUAL LIABILITY.—The word "individually" as used in the

charter, means separately, and an action can be maintained against a single stockholder.

3. RELATION OF STOCKHOLDERS TO EACH OTHER—SUIT BY ONE AGAINST· ANOTHER.—In respect of claims against the bank, the stockholders stand in· the relation of co-partners, and one cannot sue the other at law. If one has: been sued and paid the recovery, he may have contribution from the other stockholders by proceeding in equity, but stockholders cannot by confessing judgments in favor of each other and paying such judgments, evade the liability imposed upon them by law. The provision was made for the protect-· tion of the creditors of the bank, and not for the stockholders.

APPEAL from the City Court of East St. Louis; the Hon.. CHAS. T. WARE, Judge, presiding. Opinion filed October 6,. 1881.

Mr. WM. C. KUEFFNER, for appellant; as to the liability of· stockholders, and that such liability may be enforced at law,. cited Wincock v. Turpin, 96 Ill. 143; Culver v. Third Nat. Bank,. 64 Ill. 528; Corwith v. Culver, 69 Ill. 503; Tibballs v. Libby,. 87 Ill. 142; Fuller v. Ledden, 87 Ill. 310; Avery v. Weir, 89· Ill. 25; McCarthey v. Lavasche, 89 Ill. 270.

An action will not lie by one stockholder against a fellow· stockholder to enforce a personal liability for a debt of the· company: Richardson v. Abendroth, 43 Barb. 165; Beers v.. Waterbury, 8 Bosworth, 397; Bailey v. Baucker, 3 Hill, 190;. Weber v. Fickey, 47 Md. 200.

One who participates in the profits of a corporation by re- ceiving dividends, is a stockholder: Thompson on Stockholder's. Liabilities, § 168; Hoan's Case, 2 John. 5 H. 229; Gouth- waite's Case, 3 De G. & Em. 258; Phil. R. R. Co. v. Cowell,. 28 Pa. St. 329; Trumbull v. Payson, 95 U. S. 418.

Mr. CHARLES W. THOMAS, for appellee; that the remedy against the stockholder is in equity, cited Smith v. Hackabee, 53 Ala. 191.

If a stockholder pays off the debt of the bank to the extent of his shares of stock he has done all the statute requires of him: Kipp v. Bell, 86 Ill. 577; Tallmadge v. Fishkill Iron Co. 4 Barb. 382; Robinson v. Bank of Darien, 18 Ga. 109; Boyd v. Hall, 56 Ga. 363.

WALL, J.   The People's Bank of Belleville was a corporation engaged in the business of banking under a special charter which contained this provision:  "Whenever default shall be made in the payment of any debt or liability contracted by the corporation, the stockholders shall be held individually responsible for an amount equal to the amount of stock held by them respectively."

The bank suspended.   Thompson, the defendant below, was a stockholder to the amount of one thousand dollars, and was sued by Meisser, the plaintiff below, who was a depositor. The verdict and judgment were for defendant below.   In the cases of Culver v. Third National Bank, 64 Ill. 528; Fuller v. Ledden, 87 Ill. 312; McCarthy v. Lavasche, 89 Ill. 270; Wincock v. Turpin, 96 Ill. 143, it was determined that the liability imposed by provisions similar to this was a purely legal liability, and the proper subject of a suit at law.   It was said in the last case that when the statute creates a liability, the remedy is invariably at law, unless the statute provides for proceedings in equity; that this is almost axiomatic, and so well understood as to require no discussion or citation of authority. It is urged, however, in this case, that the liability imposed by this charter is joint, and cannot be enforced by suit against a single stockholder.   It will be noticed that in some of the cases referred to, the word " each " is used, and in some the word " severally ; " and it is argued that the word " individually," as used here, is in no sense equivalent to either of those words, and that there is no several liability.   The word individually means separately, and this again means singly.

Again, the word severally means separately.   To separate is to disunite, to divide, to disconnect, to sever.   Things which are equal to the same thing are equal to each other.   It is urged that " individually " is used to designate a character as contrasted to the corporate existence or condition.   If that is all it is inserted for, it is of no significance, for the same idea would be conveyed by the sentence if this word were wholly omitted; and in that case it would be clear that a personal as opposed to a corporate liability was meant, and the result would be that with that meaning only, the word serves no real

use and signifies nothing. It is contrary to all rules of construction to so read the language employed in a statute. Every word is supposed to have a substantial meaning. If this is not the true construction, then it would be necessary whenever a creditor seeks to enforce the liability here provided for to join all the stockholders, thus imposing much additional costs, and producing endless confusion. Indeed, we cannot understand how it would be practicable to enforce a joint liability at law, for reasons which are obvious. The law makers knew the rule that a liability imposed by statute is enforcible at law, unless the remedy by bill in equity is provided for, and it would seem unreasonable that they intended to use a word in such a strained sense as to produce this result. But so far as the present case is concerned, can the objection be now made that the liability is joint and not several? We think not; but that it must be by plea in abatement, and comes too late. 1 Ch. on Pl. 46. If the liability is legal, and that is settled by the repeated rulings of the Supreme Court, this suit was properly brought, or at least the objection cannot be entertained upon the present state of the pleadings.

The plaintiff below made out a case as alleged in the declaration, and the question now for consideration arises upon the defense which was successfully interposed. It was shown on behalf of defendant that after the bank failed, an arrangement was entered into between defendant and three other stockholders, Heintzelman, Maus and Krafft, by which the defendant confessed a judgment to Heintzelman for $1,000. Heintzelman confessed a similar judgment to Maus, Maus confessed a similar judgment to Krafft, and Krafft confessed a similar judgment to defendant. The defendant then paid Heintzelman the amount of his judgment, $1,000; Heintzelman paid Maus, Maus paid Krafft, and Krafft paid the same money back to the defendant. The defendant's money thus went around and paid four thousand dollars of claims held by stockholders against the bank. The bank owed defendant $1,000, which was the basis of his judgment against Krafft. Heintzelman's judgment was based upon an account with the bank for some $98, and sundry certificates of deposits acquired from third parties.

The Supreme Court in discussing the position of shareholders under similar statutes, have treated them as co-partners in respect to this liability. Fuller v. Ledden, McCarthy v. Lavasche, and Wincock v. Turpin, *supra;* and similar views have been expressed in other States, and the rule announced that therefore one shareholder could not sue another at law. Burr v. Waterbury, 8 Bosworth, N. Y. 397; Bailey v. Bunker, 2 Hill, 190; Richardson v. Alendrith, 43 Barbour, 165; Thayer v. Union Tool Co. 4 Gray, 80; Weber v. Fickey, 47 Md. 200.

Of course the liability imposed by this provision gives credit and standing to the bank. Any one about to deal with the institution would inquire who were the stockholders, and what their pecuniary condition, and would consider this a substantial guarantee. But if the position assumed by this defense is well taken, the supposed guarantee is worthless, and whenever the stockholder chooses to become himself a creditor of the bank by becoming a depositor himself, he may give it the money which the charter meant should go to the outside depositor. This provision was inserted as security for somebody—was it for the stockholder? We think such was not the purpose of the legislature.

Now this transaction, so far as defendant is concerned amounts to a cancellation of what the bank owed him, and in effect the defense is that because the bank was his debtor, he is discharged from liability. In other words, a claim held by a stockholder against the bank is a valid set-off to the demand of a creditor against a stockholder. The defendant urged that his case stood upon the ground that he had paid off the judgment rendered against him at the suit of Heintzelman, and therefore he was discharged. On the other hand, it was urged that Heintzelman, who was also a stockholder, could not maintain the suit against defendant. That in substance he was suing upon a demand for which himself was in part, if not wholly, responsible; that the relation of the parties was in effect that of co-partners, and therefore the proceeding was nugatory and unavailing. It is replied to this that no matter whether the suit was well conceived or not, the subject-matter and the result was such as to constitute a substantive payment of so much of the corporate

Meisser v. Thompson.

debt.   It must be apparent that in proportion to the amount of his stock, Heintzelman was as much bound for the subject-matter of the judgment as Thompson was, and that his only just demand against Thompson was for contribution, not for one-half or one-third, or any other aliquot part, to be ascertained by considering only the shares held by the two men, but for his proportion with the other stockholders, all other such demands being taken into account.

In the case of Bailey v. Bunker, *supra*, the Supreme Court of New York, in discussing a similar statute, says:  " They (shareholders) do not come within the reason and policy of the law which was made for the protection of third persons dealing with the company, and not for the benefit of stockholders or co-partners.   They are left, and should in justice be left, to such remedies as had already been provided by law for the adjustment of partnership transactions.   They may go into chancery for an account, and have the claims of all parties settled on equitable principles."

In the case of Wincock v. Turpin, *supra*, our Supreme Court say, incidentally, page 143, that after a shareholder has been sued and paid the recovery, he is, no doubt, entitled to contribution from all the other shareholders, and in enforcing such right it may be equity would be the proper forum, as he could thus compel each shareholder to contribute *pro rata*, according to the number of shares held by him.   If this provision is intended for the benefit and protection of non-stockholders, and if stockholders are for this purpose, and in the adjustment of this liability, to be regarded as co-partners, then the defense here interposed must fail.

That such is the true view, we think, is amply sustained by reason and authority.   The judgment will, therefore, be reversed and the cause remanded.

Reversed and remanded.