HENRY ·ROOT

v.

THOMAS SINNOCK.

*Banks—Charter of Union Bank of Quincy—Individual Liability of Stockholders—Construction—Proviso—Constitution of 1848.*

1. Under the charter of the Union Bank of Quincy its stockholders are individually liable to the amount of their stock for all debts of the corporation.

2. In the construction of a statute, effect will be given, if possible, to every word and sentence contained therein.

[Opinion filed August 26, 1886.]

APPEAL from the Circuit Court of Adams County; the Hon. WILLIAM MARSH, Judge, presiding.

The declaration filed in this cause contains two counts. In ·the first it is alleged in substance : That on the 26th day of March, 1869, by a certain public law of the State of Illinois, the Union Bank of Quincy was incorporated and from the 1st day of June, 1883, to the 15th day of May, 1884, was engaged in a general banking business at the City of Quincy; that during this time it had a savings department connected with it and constituting a part of its business, in which deposits of money were received from various persons; that on the 1st day of September, 1884, the bank was indebted to appellee in the sum of $7,200, for so much money deposited with it in its savings department at different times between the 1st day of June, 1883, and the 1st day of February, 1884, and in the further sum of $500 as interest on such deposits; that on the 1st day of June, 1883, and at the time of bringing suit, appellant was the owner of 100 shares of the capital stock of said bank, of the par value of $100 per share ; that on the 15th day of May, 1884, the bank closed its doors and never resumed business as a bank, but that it did, on the 16th day of September, 1884, make an assignment to John P. Mickesell for the

benefit of creditors; and that by means thereof and by force of the act incorporating the bank, appellant became liable to pay appellee the sum due the latter from the bank.

The second count avers that at the time the bank closed its doors and at the time of bringing suit appellant was the owner of 100 shares of stock, but it is in other respects similar to the first count.

To each count of the declaration a general demurrer was filed and was overruled by the court, and, the defendant standing by his demurrer, evidence was heard by the court and judgment was rendered against appellant in the sum of $5,910, and costs of suit. From this judgment an appeal was prayed and it is alleged that the court erred in not sustaining the demurrer to each count of the declaration and in entering final judgment in favor of appellee for $5,910.

Messrs. SIBLEY & PAPE and ALMERON WHEAT, for appellant.

Appellee's right to recover depends upon whether any liability for the debts of the corporation was imposed upon the stockholder, by the last proviso in Sec. 7 of the act incorporating the bank, beyond the actual payment either to the corporation or creditor, for the stock subscribed for by him, at its par value.

A proviso must be strictly construed. Potter's Dwarris on Statutes, pages 118 to 120 ; Kent's Commentaries, Vol. 1, p. 463; Voorhees v. Bank of the U. S., 11 Pet. 471; Minis v. U. S., 15 Pet. 445; Brown v. Juliet, 1 Scam. 258.

If the matter of the proviso be regarded as an independent provision, it would be one in derogation of the common law, and must still be strictly construed. The rule is that no statute is to be construed as altering the common law, further than is expressed or its words import. Shaw v. Railroad Co., 101 U. S. 565; Carney v. Tully, 74 Ill. 375; Thompson v. Weller, 85 Ill. 197; Brom'ey v. Goodwin, 95 Ill. 118–123; Canadian Bank v. McCrea, 106 Ill. 281, 289.

If the matter of the proviso was inserted because of any constitutional provision that would throw no light upon the question as to the extent of the liability of the stockholders. The

bank not having any power to issue notes to circulate as money, Sec. 2 of Art. 10 of the Constitution of 1848, is the only constitutional provision imposing any duty on the Legislature in the matter. The People v. Loewenthal, 93 Ill. 191, 196; Gulliver v. Roelle, 100 Ill. 141, 147.

Mr. WILLIAM McFADDEN, for appellee.

The language of the charter is substantially the same as is contained in the Constitution of 1848, relating to banking corporations issuing bank notes.

It could not be contended that the words " to the amount of their respective share or shares of stock," in the clause of the Constitution of 1848 cited, meant that the stockholder should be liable only for the amount of stock actually subscribed and remaining unpaid by him at the time of suit brought. Properly construed, that clause in the Constitution created a double liability on the part of the stockholder. Morse on Banking, p. 493; *In re* Empire City Bank, 18 N. Y., 218; Matter of the Hollister Bank, 27 N. Y., 395.

We think that People v. Loewenthal, 93 Ill. 191, 196, recognizes the same doctrine in the distinction which the opinion draws between the 2d and 4th sections of Article 10th of Constitution of 1848.

But irrespective of the constitutional provision aforesaid, the proper construction of the 7th section of the charter of " The Union Bank of Quincy " makes each stockholder therein liable for the debts of said bank in an amount equal to the amount of stock held by him—in other words, said section creates a double liability. Morse on Banking, p. 493; Briggs v. Penniman, 8 Cowan, 395; *In re* Empire Bank, 18 N. Y., 218; Bank of Poughkeepsie v. Ibbotson, 24 Wend. 493; *In re* Hollister Bank, 27 N. Y. 396; Slee v. Bloom, 19 Johns. 456; S. C., 20 Johns. 633; Bromley v. Goodwin, 95 Ill. 118; Wincock v. Turpin, 96 Ill. 135; Lane's Appeal, 105 Pa. St. 57.

The language of this charter is to be construed as meaning a liability on the part of the stockholder to a creditor in an amount equal to the amount of his stock. Thompson v. Meisser, 108 Ill. 359. Clauses inserted in .bank and other

charters of the kind under consideration, are inserted for the benefit of creditors, and that they give a right of action to the creditor and no one else against the stockholder. Culver v. 3d Nat. Bank, 64 Ill. 528 ; Fuller v. Ledden, 87 Ill. 310 ; Mc-Carthy v. Lavasche, 89 Ill. 276; Hull v. Burtis, 90 Ill. 213; Jacobson v. Allen, 20 Blatch. 525; Norris v. Johnson, 34 Md. 485.

WALL, J. The question presented here is as to the individual liability of a stockholder in the Union Bank of Quincy, under a charter granted by the General Assembly. Vol. 1, P. L. 1869, 219–221.

The corporation thus created, while not possessing "banking powers" within the meaning of that term, as used in Sec. 4, Art. 10 of the Constitution, and as construed in The People v. Loewenthal, 93 Ill. 191, was authorized to borrow and loan money, and to buy and sell bills, notes, bonds and other securities, and to carry on a general exchange business. The capital stock was fixed at $500,000, to be divided into shares at $100 each, and authority was given to commence business as soon as $150,000 should have been subscribed and twenty per cent. paid thereon. Sec. 4 provided that the payment for stock should be made in such time and way as the directors should prescribe. Various provisions relating to the manner and conditions of subscription, etc., are found in the act, which are not important in this connection. The charter is declared to be a public act and as such to be liberally construed. Sec. 7 is as follows:

SEC. 7. "It shall be lawful for the corporation hereby created to purchase and hold such real estate as may be convenient and useful in the transaction of its business and to take and hold any real estate in trust or otherwise as security for or in payment of loans and debts due or to become due to said corporation, to bid for and purchase real estate at any sale made by virtue of or on account of any loan or mortgage or trust made to or held by or for said corporation, or in which it is interested, and to receive and take in satisfaction of any loan or debt, any real or personal estate and to hold,

use and improve, lease and convey the same: *Provided*, that no real estate, beyond such as may be necessary for the transaction of its business, shall be held by said corporation for a longer period than may be necessary to enable said corporation to dispose of same to advantage, and all real estate sold by said corporation under deed of trust or other conveyance, may be redeemed by the debtor, his, her or their heirs or creditors, by the payment of the full amount of debt and costs together with ten per cent. interest on same, at any time within twelve months after such sale: *Provided*, also, that the stockholders in this corporation shall be individually liable to the amount of their stock for all debts of the corporation and such liability shall continue for three months after the transfer of any stock on the books of the corporation."

The language of the last proviso is the subject of the present inquiry. Appellee insists that thereby the stockholder is made liable for an amount equal to and aside from his obligation to pay for the stock by him subscribed, an additional security being thus provided for the benefit of creditors.

On the other hand, the appellant urges that no such extra liability was intended, and that when the stock had been paid for at its par value, the liability of the stockholder is exhausted, and that, as there is no averment of non-payment according to the contract of subscription, no cause of action is disclosed by the declaration and, therefore, the court erred in overruling the demurrer. The view taken by appellant makes the clause under consideration practically meaningless and superfluous. The stockholder is liable without this provision for the whole amount of stock subscribed by him. This he must pay to the corporation and whatever he may owe in this respect is assets of the corporation, and as such may be reached and participated in by a corporation creditor, by the appropriate means.

The Constitution of 1848, Sec. 2, Art. 10, provided that dues from such corporations should be secured by such individual liabilities of the corporators, or other means, as might be provided by law, and we have no doubt the Legislature intended, in this instance, pursuant to the plain mandate and policy of the organic law, to impose another liability to which

creditors may resort without waiting for the collection and distribution of the corporate assets. Such provisions were not inserted without purpose, and in aid of construction it is a rule to give some effect, if possible, to every word and sentence contained in the act.

It being enjoined by the Constitution, that corporate dues should be secured in some such way, and the language used being wholly unnecessary and superfluous, if not so designed, the very natural inference would be that such was the object. Provisions like this have been made the basis of recovery in numerous cases which are familiar, and some of which are cited in the briefs. Among others may be noticed Arenz v. Weir, 89 Ill. 25, where the provision was, " No stockholder of the corporation hereby created shall be liable in his individual capacity for any debt or liability of said company beyond the amount of stock held by him."

In reply to the criticism of counsel the court said the meaning was plain that every stockholder should be liable to the extent of the stock held by him for any debt or liability of the company, and that the Legislature was but carrying into effect the constitutional requirement above referred to.

Counsel contends the language here relied on is not susceptible of the construction put upon it and to give it such import there must be added the words " equal to " or some others indicating specially a liability aside from that for the payment of stock to the company. Such a position is narrow and untenable. The expression in Arenz v. Weir, *supra*, was held sufficient and that case is very much in point here. Similar language has been so held in other cases though it may be the precise expression has not been found elsewhere. It should be construed in the light of the object the Legislature had in view under the Constitution, and we have no difficulty in adopting the construction already stated. Morse on Banking, p. 493; Briggs v. Penniman, 8 Cow. 395; Lane's Appeal, 105 Pa. St. 57; Bromley v. Goodwin, 95 Ill. 118; Wincock v. Turpin, 96 Ill. 135; Meisser v. Thompson, 9 Ill. App. 368; Thompson v. Meisser, 108 Ill. 359.

It is urged by counsel that the expression here relied on is

but a proviso, and that no case can be found where such lia-
bility has been predicated upon a mere proviso. We have
quoted the section entire, so that all its provisions may be
seen together, and when so read it would appear that this
clause is not so much in the nature of a proviso, a qualifica-
tion or modification of what precedes, as an independent
provision which might well have constituted a separate sec-
tion, but which, for convenience or some cause not important,
was incorporated as it is in Sec. 7. We see no reason why
we should nullify and disregard the language because of its
position in the section.

The second count differs from the first in the material
respect that it is not averred the stock was held by the
defendant when the default occurred. The provision fixes
"liability for all debts of the corporation," and declares that
"such liability shall continue for three months after the trans-
fer of stock on the books of the corporation." Under this it
would not be necessary for one about to seek relief to ascer-
tain who held stock when the money was deposited, but he
might sue those who held stock and had not transferred it
within three months of the time when default occurred.

When the money was deposited the inchoate liability would
attach to the then stockholders, and to them for three months
after transfer, and as the stock might be transferred the lia-
bility would be transferred also. Upon the point here
involved, see generally, Thompson on Stockholders, Secs. 90,
94, 95, 210, 215, 217; McLaren v. Franciscus, 43 Mo. 452;
Middleton v. Magill, 5 Conn. 28; *In re* Empire Bank, 18 N.
Y. 223; Curtis v. Harbour, 12 Mich. 3.

We are of opinion the court properly overruled the demur-
rer to the declaration.

There is nothing perceived in the record to show the basis
upon which the damages were assessed, and it must be pre-
sumed there was sufficient evidence to justify the assessment.
The judgment will be affirmed.

*Judgment affirmed.*