BENJAMIN F. EBERSOLE

v.

THE FIRST NATIONAL BANK OF MORRISON.

*Negotiable    Instruments—Note—Assignment—Gambling    Contracts—Practice.*

1. Where, in an action on a note, the declaration alleges that plaintiff is the assignee thereof before maturity, for value, special pleas which set out facts which would constitute a valid defense to the note in the hands of the original payee, but do not aver that plaintiff had notice of the facts or purchased the note after maturity, or that he was not the *bona fide* holder thereof, are demurrable.

2. In this case it is *held:* That the contract for the purchase of Bohemian oats, for which the note in suit was given, is not, *per se,* a gambling contract, and defendant's plea, not alleging that the contract was intended by the parties thereto as a bet or wager, is demurrable.

3. A demurrer does not admit inferences from the facts pleaded, nor matters of law deduced therefrom by the pleader.

[Opinion filed May 28, 1890.]

APPEAL from the Circuit Court of Whiteside County; the Hon. JOHN D. CRABTREE, Judge, presiding.

Messrs. MANAHAN & WARD, for appellant.

Messrs. JAMES D. ANDREWS and WILLIAM BARGE, for appellee.

UPTON, P. J.   This was an action brought in the court below to recover the amount due upon a promissory note assigned to the appellee (by indorsement by the payee thereof), given by the appellant and made payable to C. W. Spear in the sum of $500, due on or before the first day of January, 1887, with interest at six per cent, payable annually, to commence January 1, 1886.

The declaration was in the usual form, counting on said note as indorsee or assignee thereof, before maturity, for consideration, etc.

To this declaration appellant interposed four special pleas; the general issue was not pleaded.

The appellee demurred to each and all of the special pleas, and it was sustained by the trial court.   The appellant abiding his pleas, the court gave judgment on the note against appellant, and from that judgment appeal is taken to this court and its correctness is here questioned.

We are of the opinion that the demurrer was well taken to all the special pleas, and that the trial court properly so held.

In most, if not all, of these special pleas, is set out in various forms alleged facts which, if established, would have constituted a valid defense to the note sued on in the hands of the original payee; but in neither of these pleas is it averred that the appellee, the assignee of the note, purchased the note with notice or knowledge of such alleged facts, or that it purchased the note after its maturity or without full value therefor paid, or that it, the assignee, was not, at the time after the assignment thereof or suit brought, the *bona fide* or innocent holder thereof.

Sec. 9, of Chap. 98, R. S. (Starr & C. Ill. Stats.), declares that neither the want nor failure of consideration shall be any defense to a note, bond, etc., in the hands of an innocent *bona fide* assignee or holder thereof, when such assignment was made before such note, bond, etc., became due.

Section 10 of the same chapter provides, as an exception to

Sec. 9, that in case any fraud or circumvention be used in obtaining the making or the execution of any instrument mentioned in Sec. 9, such fraud or circumvention, etc., may be set up to defeat the note, bond, etc., in the hands of the orig. inal holder or any assignee thereof; which last recited provision has been construed to mean some fraud, trick or device in the making or execution of the instrument which induces the giving of one character of instrument under the belief that it is another of a different character—such as the giving of a note or other agreement for one sum or thing, when it in fact is for another sum or thing, or as the giving of a note under the belief that it is a receipt, etc. But it is not such fraud as relates to the quality, quantity, value or character of the *consideration* which moves the contract, nor as to fraud in obtaining the note, which goes only to *impeach the consideration.*

Sec. 179 of Chap. 38 (Starr & C. Ill. Stats.) provides that " All promises, notes, bills, bonds, contracts, agreements, judgments, mortgages, or other securities or conveyances made, given, granted, drawn or entered into, or executed by any person whatever, when the whole or any part of the consideration thereof shall be for any money, property or other valuable thing *won* by any gaming or playing at cards, dice or any other game or games, or by *betting on the side or hands of any person gaming,* or by wager or bet upon any race, fight, pastime, sport, lot, chance, casualty, election, *or unknown or contingent event whatever,* or for the reimbursing or paying of any money. or property knowingly lent or advanced at the time and place of such play or bet, to any person or persons so gaming or betting, or that shall during such play or betting so play or bet, shall be void and of no effect;" and section 17 of the same chapter, relating to gambling contracts in grain, all of which are declared void.

Other than these exceptions under our statute applicable to the case at bar, so far as we are at present advised, an innocent holder of commercial paper, like the promissory note in the case before us, indorsed to a *bona fide* holder or assignee before maturity, without notice of defects, etc., is protected;

and no other defense can be interposed by the maker to defeat it.

The appellant, who is the maker of the note in suit, in his first plea attempts to set up a defense to the note under Sec. 179 of the statute above recited, as we apprehend it, but, as we think, wholly fails in several special particulars. The plea sets out a certain contract alleged to have been made between appellant and one C. W. Spear, the payee of the note, jointly with one Fox, in connection with the Ohio, Indiana and Michigan Oat Association, which contract the pleader, as a legal conclusion, calls a *bet*, but which is, as we interpret it, not *necessarily a bet*.

The agreement which is set out in the plea and *called a bet*, stripped of the allegations characterizing the transaction, and the inferences and assumptions as to matters of law by the pleader, taken in connection with the note in suit, which is a promise to pay to the payee, jointly with other parties named therein, was this: In consideration that the appellant would then and there purchase of the payee (Spear), fifty bushels of Bohemian oats, at $10 per bushel, and then of that value, and for which the note was given, to sell for the appellant 100 bushels of the like description of oats at the same price per bushel, on or before December 6, 1886, and if not done, the note sued on was to be regarded as paid.

This contract on its face is not a gambling contract, *per se*, nor within the inhibition, intent or meaning of the statute above cited and referred to, *necessarily*.

The undertaking was legitimate and lawful, if *bona fide*, and the parties thereto had the right to fix the damages for its breach, by agreement to liquidate at $500, or the cancellation of the note.

This being true, and as all intendments are to be taken most strongly against the pleader, the appellant should have averred in his plea, in substance, that the intention of both parties to this contract was that the contract was not to be carried out or performed, but that it was put in that form simply as a cover to cloak a gaming, or gambling transaction, or that it was intended by the several parties thereto as a *bet* or

*wager.* We feel compelled to say that the plea appears to us to have been artfully drawn, with intent, and for the purpose of obtaining a judicial construction by the court; that the contract, both in law and fact, in the form in which it was alleged, was in itself (*per se*) a bet, and thereby relieved the pleader from making further proof than the production of the contract in evidence.

We do not think the legal inferences to be drawn from the contract set up in the plea, without averments of intention, are in an issuable form, and the demurrer did not admit them, as contended by appellant.

A demurrer to a declaration admits all the facts well pleaded to be true, but not the inferences from them. Arms v. Wier, 89 Ill. 25.

Nor does a demurrer admit matters of law deduced by the pleader from allegations of fact in the plea stated. Gould's Pleadings, Chap. 9, Sec. 29; Millard v. Baldwin, 3 Gray (Mass.), 484.

The matters alleged in the plea must be traversable or issuable. Stephen's Pleadings, 217 (star page).

A demurrer does not confess the character of a contract to be that by which it is designated in the plea. The case of Kellogg v. Sackin, 3 Pinney, Wis., is in many particulars similar to the case at bar and serves to illustrate the principle under consideration. In that case the pleas expressly alleged that the association (plaintiff), its alleged plans, schemes, etc., tended to the manifest injury and restraint of trade, and because the truth of that averment was claimed to have been admitted by the demurrer and because contracts in restraint of trade are held void, therefore, the judgment should have been for the defendant. The court say: "The answer is manifest, if the agreed plans and schemes alleged to have been of such pernicious tendency, or any other than what appears on the face of the contract as alleged, then they are not well pleaded, because the plea should set forth the schemes, etc., in terms, not describing their symptoms or effects, but by stating their nature and essence, leaving the court to determine of the legal effect."

We are of the opinion that the trial court did not err in holding the first plea obnoxious to the demurrer.

As to the second, third and fourth pleas the law is too well settled, in our judgment, to require citations of authorities or further discussion. Neither of these last named pleas, set up any defense to the note sued on in the hands of an innocent holder for value before due, as provided by statute.

Neither one of the pleas show that the note was given in consideration of a wager or for a *bet*, or for gaming in grain, or that its execution was obtained by fraud or circumvention, within the true intent and meaning of the statute in such case made and provided. In our judgment, therefore, the court below did not err in sustaining the demurrer to the appellant's several pleas filed herein, and as the appellant did not ask to plead over, but chose to abide by his plea as pleaded, the court below did not err in giving judgment for the appellee on the note, and that judgment is affirmed.

*Judgment affirmed.*

SMITH, J.   I think the first special plea was good.